## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2019, 7:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas B. O'Farrell
McClure | O'Farrell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Troy Ryan Wilson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 16, 2019

Court of Appeals Case No.
18A-CR-2315

Appeal from the Hamilton
Superior Court

The Honorable David K. Najjar,
Judge

Trial Court Cause No.
29D05-1801-CM-245

**Baker, Judge.**

[1]     Troy Wilson appeals the sentence imposed by the trial court after he was convicted of Class A Misdemeanor Possession of Marijuana and Class C Misdemeanor Possession of Paraphernalia, arguing that the trial court erred by inappropriately citing an aggravating factor. Finding no error, we affirm.

# Facts

[2]     On or around December 23, 2017, Arcadia Police Department Officer Christopher Lane responded to a late-night dispatch saying that Wilson had made a "threat to life[]" to someone, that he was driving a black pickup truck, and that he was armed. Tr. Vol. II p. 7. After driving to a few different locations, Officer Lane drove to the home of Kelly Brinkman, Wilson's girlfriend, where he had been living.

[3]     There, Officer Lane found a black pickup truck parked in an alley, with Wilson standing near the truck's rear. Officer Lane approached Wilson to speak with him and immediately noted the strong smell of alcohol. A few minutes later, Hamilton County Sheriff's Deputy Dan DeYoung arrived to assist Officer Lane. As Wilson and Officer Lane talked, Deputy DeYoung walked to the front of the truck. The driver's side door was open, and Deputy DeYoung saw a glass jar containing 2.5 grams of marijuana inside the vehicle.

[4]     Deputy DeYoung arrested Wilson and questioned him about whether he owned the pickup truck or the marijuana. Wilson responded that he did not own the truck but that he drove it regularly. He also stated that he "uses

marijuana daily." *Id.* at 23. Deputy DeYoung searched Wilson incident to his arrest and found a pack of cigarettes with a marijuana pipe inside and a small plastic baggie containing 0.05 grams of marijuana.

[5] On January 11, 2018, the State charged Wilson with Class A misdemeanor possession of marijuana, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. At Wilson's August 30, 2018, bench trial, Wilson and the two officers testified about the events of that evening. Wilson's testimony conflicted with the officers' testimony. The trial court found Wilson guilty as charged.

[6] During sentencing, Wilson testified that he had a prior conviction for marijuana possession, that he had been on probation before, that he had had probation revoked, that he would prefer to be placed back on probation, and that he had just smoked marijuana "a couple weeks ago." *Id.* at 62. Wilson also blamed his convictions on Brinkman, claiming that she intentionally placed the marijuana on his person to get back at him. Before issuing its sentence, the trial court said the following:

> I don't think there's really anything of consequence that you have said here today that is even remotely close to the truth. Not one thing. Your testimony previously during the evidentiary portion of the case, your testimony during the sentencing phase of the hearing, and your statement here has been nothing but confusion and blaming others for the things that befall you. You've not taken any responsibility for any of the actions. I'm not even talking about today's case. You certainly have a right to maintain your innocence through all phases of the trial, and I'm not going to hold it against you if you don't want to take responsibility for this case, but you haven't taken responsibility for anything that happened in

any of your cases where you were found guilty, where you did – even when you admitted violating your probation, you're still not taking responsibility for that.

The facts and circumstances as you have testified them are vastly different than any of the officers testifying here today, and I cannot find that anything that you have said with regard to the events that we've talked about here, the events of December 23rd and 24th, 2017, are anything close to the truth. You have woven a tale, sir, you have woven a tale that is I think only in your mind. And it is not anything that can be substantiated, it is not anything that has been corroborated by any other piece of evidence. And it runs completely counter to any of the testimony offered by any of the officers and other witnesses that have testified here today.

*Id.* at 68-69. The trial court merged the two possession of marijuana counts into one conviction for Class A misdemeanor possession of marijuana. The trial court then sentenced Wilson to concurrent terms of 180 days for the possession of marijuana conviction and sixty days for the possession of paraphernalia conviction. The trial court ordered Wilson to pay court costs in the amount of $185 and a drug interdiction fee of $200 and also denied his request to be placed on probation. Wilson now appeals.

# Discussion and Decision

[7] Wilson's sole argument is that the trial court erred by inappropriately citing an aggravating factor at sentencing—namely, his lack of credibility.

[8] Sentencing decisions are left to the sound discretion of the trial court. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002). We will reverse a sentencing decision involving the use or non-use of certain aggravating and mitigating factors only

if the decision is clearly against the logic and effect of the facts and circumstances before the trial court and all reasonable inferences drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[9]     Simply put, Wilson's argument is unavailing.[1][2] First and foremost, there is no evidence in the record that supports Wilson's contention that the trial court cited his lack of credibility as an aggravator or that the trial court found aggravators at all. So, as a general matter, the foundation of Wilson's argument is absent. In any event, misdemeanor statutes do not establish advisory sentences but only state the maximum allowable sentence. As such, trial courts have nothing to enhance or reduce by either aggravators or mitigators. Therefore, aggravators and mitigators are irrelevant in misdemeanor sentencing.

[10]    Second, the trial court plainly stated that in sentencing Wilson, it considered that "you [Wilson] haven't taken responsibility for anything that happened in any of your other cases where you were found guilty[] . . . even when you admitted violating your probation, you're still not taking responsibility for that." Tr. Vol. II p. 68. In other words, the trial court did not reach its

---

[1] The Court was amused by Appellant counsel's incorporation of pictures to illustrate his argument, but we nonetheless find neither merit nor utility in making legal arguments based on the United States's so-called fascination with liars.

[2] Moreover, Wilson fails to recognize that because this was a bench trial, the trial court judge functioned as the ultimate trier of fact. Therefore, any argument that the trial court itself did not have the authority to weigh the credibility of Wilson and any evidence he proffered is unfounded.

sentencing decision because of Wilson's lack of credibility or insistence of innocence. Rather, the trial court looked to Wilson's past convictions, violations of probation, and clear lack of remorse when it admonished and ultimately sentenced Wilson. The trial court was well within its discretion to make such a determination. *See Bailey v. State*, 763 N.E.2d 998, 1004 (Ind. 2002) (holding that a history of criminal activity and lack of remorse reflects poorly on a defendant's character at sentencing). Therefore, the trial court did not err in its sentencing.

[11] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.